# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
JUDGE

## LETTER OPINION

October 26, 2005

Ladi (Oladimeji) Bamigbade
351-353 Avon Ave
Newark, NJ 07108-1309

    *(Pro Se Plaintiff)*

Robin S. Perry
City of Newark Law Department
920 Broad Street
Room 316
Newark, NJ 07102

    *(Attorney for Defendant)*

    Re:    **Bamigbade v. City of Newark**
             **Civil Action No. 04-4419 (WJM)**

Dear Counsel:

    This matter comes before the Court on Plaintiff's Motion for Reconsideration of Denial of Motion to Renew Default Judgment. For the following reasons, Plaintiff's motion is **DENIED**.

### I.    Background

    On November 12, 2003, the Defendant conducted a tax lien auction for various parcels of land. Plaintiff bid on one parcel of land (the "Property"). Plaintiff won the bid, but did not have the necessary funds on hand to complete the transaction. Accordingly, he arranged to pay the auctioneer on May 24, 2004. Before that day arrived, however, Defendant allowed a third party to redeem the tax lien certificate of sale on the Property.

     Plaintiff sued Defendant on September 13, 2004.  In his Complaint, Plaintiff alleged that Defendant violated his rights under the Ninth and Fourteenth Amendments of the United States Constitution by prohibiting him from redeeming the tax lien.  Accordingly, he claims this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 under these constitutional provisions.  The matter was referred to the Honorable Magistrate Ronald J. Hedges.  In a Report and Recommendation dated August 12, 2005, Magistrate Hedges held that Plaintiff lacked subject matter jurisdiction under the Ninth and Fourteenth Amendments of the United States Constitution.

     Plaintiff now seeks relief from Judge Hedges's Report and Recommendation under Fed. R. Civ. P. 60(b)(1)(3).  In particular, Plaintiff claims that Magistrate Hedges's erred in dismissing Plaintiff's complaint for lack of subject matter jurisdiction.

**II.**    <u>**Standard of Review**</u>

     Fed. R. Civ. P. 60(b)(1)  allows a court to relieve a party from a final judgment, order, or proceeding on the grounds of mistake, inadvertence, surprise, or excusable neglect.  Fed R. Civ. P. 60(b)(1).  As no final judgment or order has been filed regarding Magistrate Hedges's Report and Recommendation, and as Plaintiff's motion appears to be rasing an objection to the report, this Court will construe Plaintiff's motion instead as an objection under Fed. R. Civ. P. 72(b).  *See Johnson v. Ogershok*, 293 F.3d 683, 688 (3d Cir. 2002) (noting that a pro se litigant's briefs must be construed liberally and that a court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.").  Pursuant to Fed. R. Civ. P. 72(b), this Court shall review Magistrate Hedges's report and recommendation *de novo*.  *See also* L. Civ. R. 72.1(c)(2).

**III.**    <u>**Discussion**</u>

     **A.**    **Plaintiff Has Not Established Subject Matter Jurisdiction Under The Ninth Amendment.**

     The Ninth Amendment to the Constitution provides that "the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.  The Ninth Amendment is not a source of substantive rights unless it is coupled with the denial of a fundamental right.  *Herman v. City of Millville*, No. 00-2930, 2002 U.S. Dist. LEXIS 26300, at *28 (D.N.J. Mar. 21, 2002) (citing *United States v. LeBeau*, 985 F.2d 563 (7th Cir. 1993)).  "Rights under the Ninth Amendment are only those 'so basic and fundamental and deep-rooted in our society' to be truly 'essential rights,' and which, nevertheless, cannot find direct support elsewhere in the Constitution." *United States v. Choate*, 576 F.2d 165, 181 (9th Cir. 1978).  Here, Plaintiff asserts in his complaint that "[t]his Court has absolute jurisdiction over this case ... pursuant to ... 28 U.S.C. 1331 ... [t]o uphold the bill of rights of the United States of America (respecting the 9th and 14th Amendments).  Plaintiff,

however, has not identified nor even alleged a fundamental right that has been impaired under the Ninth Amendment.

The only violation Plaintiff identifies is a "violation of plaintiff's rights of redemption to subject parcel of Land upon acceptance of a deed from the defendant...." Plaintiff, however, provides no case law showing that the right to redeem a parcel of land pursuant to a state-run tax lien sale constitutes a fundamental right under the Ninth Amendment, nor has this Court found any case law supporting such a theory. Accordingly, this Court agrees with Judge Hedges's conclusion that this Court does not have jurisdiction in this matter under the Ninth Amendment.

      **B.**     **Plaintiff Has Not Established Subject Matter Jurisdiction Under The Fourteenth Amendment.**

The Due Process Clause of the Fourteenth Amendment provides that "no state shall ... deprive any person of ... property, without due process of law. U.S. Const. amend. IX, § 1. This language offers both procedural and substantive protections. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). In the "procedural" sense, it ensures that individuals are afforded an adequate opportunity to challenge deprivations of property by state officials. *See, e.g., Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 680 (3d Cir. 1991). In the "substantive" sense, it ensures that certain infringements on property interests, those that are so egregious as to "shock the conscious," will not be permitted under any circumstances, regardless of the procedural protections afforded by the state. *See United Artists Theater Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 401-02 (3d Cir. 2003). Here, Plaintiff does not assert any procedural due process violations. Therefore, our focus is on whether Defendant violated Plaintiff's substantive due process rights.

Assuming *arguendo* that Plaintiff held a property interest in the right to redeem a tax lien, the Defendant's actions surely did not "shock the conscious." What "shocks the conscious" is "'only the most egregious official conduct.'" *See id.* at 400 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998)). Such cases often involve hints of corruption, self-dealing or hostility to constitutionally protected activities. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (citing cases where activities by state officials "shocked the conscious"). Without facts or allegations tending to show that Defendant's behavior in the auction rose to a level which "shocks the conscious," the Court cannot find that Plaintiff's complaint sets forth a basis of jurisdiction under the Fourteenth Amendment. Accordingly, this Court will uphold Magistrate Hedges's ruling on this point.

**IV.**    <u>Conclusion</u>

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Denial of Motion to Renew Default For Judgment is **DENIED** and Plaintiff's Complaint is hereby dismissed for lack of subject matter jurisdiction. An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini<br>**William J. Martini, U.S.D.J.**

cc: The Honorable Ronald J. Hedges, U.S.M.J.