**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI
JUDGE**

January 30, 2006

**LETTER OPINION**

Ladi (Oladimeji) Bamigbade
351-353 Avon Avenue
Newark, NJ 07108-1309

    (*Plaintiff Pro Se*)

Robin S. Perry
City of Newark Law Department
920 Broad Street
Room 316
Newark, NJ 07102

    (*Counsel for Defendant*)

    **RE:** **Bamigbade v. City of Newark**
         <u>Civ. No. 04-4419</u>

Dear Litigants:

    This matter comes before the Court on Plaintiff *Pro Se*'s Motion Pursuant to Rule 60(b)(1), (3) to "Vacate Defaults and to Reopen and Reinstate and Restore this Case to the Trial List." There was no oral argument. Fed. R. Civ. P. 78. For the following reasons, Plaintiff *Pro Se*'s motion is **DENIED**.

**I.**     **Background**

    Familiarity with the facts of this matter is presumed. *See Bamigbade v. City of Newark*, No. 04-4419, 2005 U.S. Dist. LEXIS 25338 (D.N.J. Oct. 27, 2005). For purposes of this motion, though, we will summarize the relevant facts. Plaintiff *Pro Se* Bamigbade ("Plaintiff") commenced this action on September 13, 2004 by filing a complaint, which he later amended on October 12, 2004. The Amended Complaint alleged that Plaintiff won an auction for a tax lien certificate for a property located in Newark, New Jersey (the "Property"). Plaintiff further alleged that, although he could not pay for the property at the time of the auction, Defendant City of Newark ("Defendant") violated his rights under the Ninth and Fourteenth Amendments of the

United States Constitution by failing to award him the tax lien certificate at a later date.

On August 12, 2005, Magistrate Judge Ronald J. Hedges recommended the dismissal of Plaintiff's Amended Complaint for lack of subject matter jurisdiction. Plaintiff then filed a motion pursuant to Fed. R. Civ. P. 60(b)(1) and 60(b)(3) challenging Magistrate Hedges's recommendation, which we construed as a motion pursuant to Fed. R. Civ. P. 72(b). On October 27, 2005, we denied Plaintiff's Rule 72(b) motion for lack of subject matter jurisdiction. *See id.* at \*3-6. Now, Plaintiff moves again pursuant to Rules 60(b)(1) and 60(b)(3) to vacate our prior order and to reopen this case.

**II.     Discussion**

    **A.     Standard For Relief Under Rule 60(b).**

Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... [or]; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

Fed. R. Civ. P. 60(b)(1), (3). The remedy provided under Rule 60(b) is "extraordinary, and [only] special circumstances may justify granting relief under it." *Dietsch v. United States*, 2 F. Supp. 2d 627, 631 (D.N.J. 1998) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)). In fact, relief under Rule 60(b) is available "only under such circumstances that the 'overriding interest in the finality and repose of judgments may properly be overcome.'" *Dietsch,* 2 F. Supp. 2d at 631 (D.N.J. 1998) (quoting *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987)). Rule 60(b) is not a substitute for an appeal, and legal error, without more, does not warrant relief under this rule. *Page v. Schweiker*, 786 F.2d 150, 154 (3d Cir. 1986); *United States v. Fiorelli*, 337 F.2d 282, 288 (3d Cir. 2003).

    **B.     Substantive Due Process Under The Fourteenth Amendment.**

Plaintiff first requests, pursuant to Rule 60(b)(1), that the Court vacate its prior order which held that Plaintiff failed to establish subject matter jurisdiction under the substantive due process protections of the Fourteenth Amendment. *See Bamigbade*, 2005 U.S. Dist. LEXIS at \*5-6. This request must be denied, again. Plaintiff offers nothing more than legal arguments, which were already considered in our prior decision. Since our decision in the first instance was correct, it will not be disturbed on Plaintiff's renewed 60(b)(1) motion. *See, e.g., Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)("[A] Rule 60(b) motion may not be used as a substitute for an appeal, and ... legal error, without more, cannot justify granting a Rule 60(b) motion."). Accordingly, Plaintiff's motion on this ground is **DENIED.**

### C. Procedural Due Process Under The Fourteenth Amendment.

Plaintiff next requests, pursuant to Rule 60(b)(1), that the Court vacate its prior order holding that he failed to establish subject matter jurisdiction under the Fourteenth Amendment because, according to Plaintiff, subject matter jurisdiction exists under the procedural due process protections of that amendment. Again, Plaintiff's request must be denied. As we noted in our previous opinion, Plaintiff did not allege any violation of his procedural due process rights in his Amended Complaint. *See Bamigbade*, 2005 U.S. Dist. LEXIS at *6. Regardless, even if such allegations did exist, Plaintiff still could not satisfy his burden of establishing a procedural due process violation.

To state a claim for the violation of a procedural due process protection, a plaintiff must have an interest encompassed within the Fourteenth Amendment's protection of life, liberty, or property. *Thomas v. Town of Hammonton*, 351 F.3d 108, 113 (3d Cir. 2003) (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). State law defines property interests for due process claims. *Ruiz v. New Garden Twp.*, 376 F.3d 203, 206 (3d Cir. 2004). Under New Jersey law, a successful bidder for a tax sale certificate must make full payment to the tax collector "before the conclusion of the sale." N.J.S.A. 54:5-33 ("Payment for the sale *shall* be made before the conclusion of the sale, *or the property shall be resold*.") (emphasis added); *see also* Michael G. Pelligrino & Ralph Allocca, *Tax Certificates: A Review of the Tax Sale Law*, 26 Seton Hall L. Rev. 1607, 1610 (1996) (discussing the policy behind requiring immediate payment of amounts due at a tax certificate sale). Since the record clearly shows, and Plaintiff wholeheartedly concedes, that he did not tender payment before the conclusion of the sale, Plaintiff has no property interest in the tax sale certificate at issue. Accordingly, Plaintiff's motion on this ground is **DENIED.**

### 3. Ninth Amendment Claim.

In our prior opinion, we construed Plaintiff's Amended Complaint as setting forth a claim under both the Ninth Amendment and the Fourteenth Amendment. *See Bamigbade*, 2005 U.S. Dist. LEXIS 25338, at *3-6. Plaintiff now argues that this was incorrect, and that he only alleged that Defendant's infringement of certain rights guaranteed by the Fourteenth Amendment violated provisions of the Ninth Amendment. This is of no matter. Since Plaintiff cannot establish the violation of any Fourteenth Amendment right, his Ninth Amendment claim must also fail. Accordingly, Plaintiff's motion on this ground is **DENIED.**

### C. Plaintiff is Not Entitled to Relief Under Rule 60(b)(3)

Plaintiff also contends that he is entitled to relief under Rule 60(b)(3), which allows a court to set aside a final judgment on the grounds of fraud or misrepresentation. Fed. R. Civ. P. 60(b)(3). This motion will also be denied. To reopen a judgment under this rule, a plaintiff must show: (1) that the adverse party engaged in fraud or misconduct; and (2) that this conduct prevented the moving party from fully and fairly presenting his case. *Stridiron v. Stridiron*,698

F.2d 204, 207 (3d Cir. 1983). This must be demonstrated by *clear and convincing evidence. Brown v. Penn. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (emphasis added). Since Plaintiff merely alleges, without providing any evidence, that Defendants acted fraudulently during this matter, he falls far short of meeting his burden under Rule 60(b)(3). Accordingly, Plaintiff's motion on this ground must be **DENIED**.

### D. Further Relief from this Court

Defendant requests that Plaintiff be barred from filing any other pleadings involving the same parties and transactions before the United States District Court, District of New Jersey. This request will be denied. While "[g]roundless and vexatious litigation will justify an order enjoining a litigant from filing any pro se claims without first seeking leave of Court," such a restraint is too broad at this time and could unduly constrain the lawful exercise of Plaintiff's rights. *Tilbury v. Aames Home Loan*, No. 05-2033, 2005 U.S. Dist. LEXIS 33455, at *40 (D.N.J. Dec. 12, 2005). However, the Court impresses upon Plaintiff that with the issuance of today's Order, he is no longer entitled to relief from this Court regarding the matters set forth in this Letter Opinion, and that any disagreement with our ruling should be properly appealed to the Court of Appeals. Furthermore, we caution Plaintiff regarding the manner in which he is proceeding in this case. The road by which he is traveling may result in Plaintiff being barred from making any further filings in this Court, sanctions, the awarding of court fees and costs to Defendant, and any other relief we deem appropriate.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

cc: The Honorable Ronald J. Hedges, U.S.M.J.